IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OSBALDO JOSE-NICOLAS, R-72183,** *also known as* **Jose-Nicolas Osbaldo,** | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-00402-MJR ) |
| **KIMBLERLY BUTLER** and **DR. STROW,** | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Osbaldo Jose-Nicolas, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Kimberly Butler (warden) and Doctor Strow (dentist). In his complaint, Plaintiff claims that these defendants ignored his requests for extraction of two wisdom teeth in 2014. (Doc. 1, pp. 9-24). As a result, Plaintiff endured more than two months of unnecessary pain and infection. (*Id*.). He now brings claims against the defendants for denying him proper dental care, in violation of the Eighth Amendment, and for delaying his access to the courts, in violation of the First Amendment. Plaintiff seeks monetary damages and a prison transfer. (*Id*. at 17).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

At a dental appointment with Doctor Strow on July 1, 2014, Plaintiff allegedly reported pain in his lower right and left wisdom teeth. (Doc. 1, pp. 9-24). He also informed the dentist that he noticed "yellow stuff" oozing from his lower left tooth. (*Id*. at 13). Doctor Strow ordered an x-ray.[1] After reviewing it, the dentist told Plaintiff that he would seek approval for the extraction of Plaintiff's wisdom teeth. (*Id*.). In the meantime, the dentist prescribed Plaintiff antibiotics and pain medication. (*Id*. at 9-10). Plaintiff heard nothing more from Doctor Strow. (*Id*. at 14).

On July 31, 2014, Plaintiff wrote an emergency grievance to Warden Kimberly Butler. (*Id*.). In the grievance, Plaintiff explained that his lower left wisdom tooth was still oozing "yellow stuff." (*Id*. at 9-10). Plaintiff also explained that Doctor Strow recommended extraction of the tooth in early July, but failed to follow up with Plaintiff thereafter. Plaintiff received no response to the emergency grievance. (*Id*. at 14).

In extreme pain, Plaintiff submitted a request for treatment to Menard's healthcare unit ("HCU") on August 8, 2014. An unknown nurse[2] called Plaintiff to the HCU three days later. When Plaintiff informed her about his persistent dental pain and infection, the nurse prescribed him pain pills and antibiotics. She also requested approval for the extraction of Plaintiff's

---

[1] The complaint does not clearly indicate whether an x-ray was taken of both wisdom teeth, or only the lower left tooth that was oozing "yellow stuff."
[2] The unknown nurse is not named as a defendant in this action, and Plaintiff asserts no claims against her.

infected wisdom tooth. Plaintiff's lower left wisdom tooth was extracted on August 14, 2014. (*Id*. at 16). His lower right wisdom tooth was extracted on or around September 17, 2014. (*Id*.).

Plaintiff now sues Doctor Strow and Warden Butler for exhibiting deliberate indifference to his medical needs, in violation of the Eighth Amendment (**Count 1**). (*Id*. at 13-16). He also sues Warden Butler for delaying his access to the courts, in violation of the First Amendment (**Count 2**). Plaintiff seeks monetary damages and a prison transfer. (*Id*. at 17).

## Discussion

### Count 1

The complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against both defendants. The Eighth Amendment to the United States Constitution safeguards prisoners against a lack of medical care that may result in pain and suffering serving no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim under the Eighth Amendment, a prisoner must show that: (1) his medical need was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The medical need described in the complaint satisfies the objective component of this claim for screening purposes. The Seventh Circuit has made it clear that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs include situations in which the failure to treat a dental condition causes the inmate to suffer other health problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593

(citations omitted). Plaintiff describes persistent pain and infection in his lower left wisdom tooth. He also describes pain in his lower right wisdom tooth that lasted for more than two months. Both the dentist and the unknown nurse prescribed pain pills and antibiotics for the condition. These allegations suggest that Plaintiff's medical need was objectively serious.

With regard to the subjective component of this claim, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is shown when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence does not support a claim of deliberate indifference. *Id*. At this early stage, the complaint suggests that both defendants may have responded to Plaintiff's serious dental need with deliberate indifference.

After examining Plaintiff on July 1, 2014, Doctor Strow recommended extraction of one or both wisdom teeth. Although the dentist prescribed Plaintiff antibiotics and pain medication at this initial appointment, Doctor Strow failed to follow up with Plaintiff thereafter. The fact that Plaintiff received some care from the dentist does not defeat his claim of deliberate indifference against Doctor Strow. *Perez*, 792 F.3d at 777 (citing *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) ("receipt of some medical care does not automatically defeat a claim of deliberate indifference")). Deliberate indifference occurs where a medical provider has knowledge of a significant risk to inmate health or safety and still administers "blatantly inappropriate" medical care or "delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Id*. (citing *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir.

2011); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The complaint suggests that Doctor Strow delayed the extraction of Plaintiff's wisdom teeth and thereby prolonged his pain and infection unnecessarily. Count 1 shall receive further review against this defendant.

Plaintiff also complains of deliberate indifference on the part of Warden Butler, who was allegedly made aware of Plaintiff's untreated dental condition by way of an emergency grievance and failed to respond to it. "For constitutional violations under § 1983[,] . . . a government official is only liable for his or her own misconduct." *Perez*, 792 F.3d at 781 (citation omitted). In order to recover monetary damages against a prison official acting in a supervisory role, a § 1983 plaintiff cannot rely on the doctrine of *respondeat superior*, or supervisory liability. Instead, the plaintiff must allege that the defendant, through his or her own conduct, violated the Constitution. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

In this case, the complaint suggests that Warden Butler may have acted with deliberate indifference. The warden was allegedly alerted to Plaintiff's condition through a detailed emergency grievance and took no action to rectify the situation. A prisoner's correspondence to a prison administrator "may establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Id*. (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority to take the needed action to investigate and, if necessary, to rectify the offending condition.")). Based on the circumstances described in the complaint, the Court cannot dismiss Count 1 against Warden Butler at this time.

**Count 2**

The complaint articulates no First Amendment claim (**Count 2**) against Warden Butler for delaying Plaintiff's access to the courts.  This claim hinges on the fact that Warden Butler failed to respond to Plaintiff's emergency grievance and thereby prevented him from exhausting his administrative remedies and filing this action.  It is true that "[p]risoners have a constitutional right of access to the courts that, by necessity, includes the right to purse the administrative remedies that must be exhausted before a prisoner can seek relief in court."  *See DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995); *Shango v. Jurich*, 965 F.3d 289, 292-93 (7th Cir. 1992).  With that said, Plaintiff's allegations give rise to no constitutional claim. His "invocation of the judicial process demonstrates that Defendant[ ] [Butler] ha[s] not infringed on Plaintiff's First Amendment right to petition the government for a redress of his grievances."  *Mrazek v. Herman*, 2016 WL 695975, at *2 (S.D. Ill. February 19, 2016) (citing *White v. Hodge*, 2014 WL 1304937, at *3 (S.D. Ill. April 1, 2014) (citing *Antonelli*, 81 F.3d at 1430)).  Plaintiff was not prevented from filing this action in a timely manner, and he describes no actual legal detriment that he suffered as a result of Warden Butler's conduct. Accordingly, Count 2 shall be dismissed with prejudice against Warden Butler.

On a closing note, the Court pauses briefly to address Plaintiff's references in the complaint to violations of state prison regulations.  The Court recognizes no separate state law claim for these alleged violations.  A plaintiff may have but one recovery, and these regulations were intended only to provide guidance to prison officials in their administration of prisons. *See Jackson v. Randle*, 957 N.E. 2d 572, 575 (Ill. App. Ct. 2011) (rejecting any private cause of action for claims brought by a prisoner concerning conditions of confinement under the Illinois

Unified Code of Corrections); *Ashley v. Snyder*, 739 N.E. 2d 897, 902-03 (Ill. App. Ct. 2000) ("Prison regulations, such as those contained in the inmate orientation manual relied on here, were *never* intended to confer rights on inmates or serve as a basis for constitutional claims. Instead, Illinois DOC regulations, as well as the Unified Code, were designed to provide guidance to prison officials in the administration of prisons.").

In summary, the Eighth Amendment deliberate indifference to medical needs claim in Count 1 shall receive further review against both defendants. The First Amendment access to courts claim in Count 2 shall be dismissed with prejudice. Finally, any claim arising from the violation of a state prison regulation is considered dismissed without prejudice from this action.

## Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and any claim in the complaint arising from the alleged violation of a state prison regulation is **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that **COUNT 1** is subject to further review against Defendants **WARDEN BUTLER** and **DOCTOR TROST**. As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **WARDEN BUTLER** and **DOCTOR TROST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2016**

                **s/ MICHAEL J. REAGAN**
                **Chief Judge**
                **United States District Court**