# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OSBALDO JOSE-NICOLAS, R72183,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **KIMBERLY BUTLER,** | ) | **Case No. 16–cv–0402–MJR–SCW** |
| **and DR. STROW,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

# MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court on a Report and Recommendation ("R&R")
submitted by Magistrate Judge Stephen C. Williams, recommending that this Court
grant summary judgment in favor of the Defendants.  The underlying case is a Section
1983 civil rights suit against two Defendants for the care Plaintiff received for his
wisdom teeth at Menard Correctional Center ("Menard").  Magistrate Judge Williams
conducted an evidentiary hearing prior to issuing his R&R to assess the weight and
credibility of the evidence regarding Plaintiff's exhaustion of administrative remedies
for his medical needs.  In the R&R, Magistrate Judge Williams found that Plaintiff was
not credible, and that Plaintiff failed to exhaust his administrative remedies.  Plaintiff
filed a timely objection to the R&R and Defendant Strow responded.  The R&R,

Plaintiff's objection, and Defendant Strow's response are now before the Court for consideration.

For the reasons explained below, the undersigned overrules Plaintiff's objections, adopts in full Judge Williams' R&R, and grants summary judgment to Defendants Butler and Strow.

### PROCEDURAL & FACTUAL BACKGROUND

Plaintiff's underlying complaint alleges that he filed an emergency grievance on July 31, 2014, seeking treatment for his wisdom teeth, and that he followed up on his request for care with a nurse. Despite his requests, Plaintiff alleges that he did not receive a timely response to his need for care. At the evidentiary hearing, Plaintiff testified that he saw Defendant Dr. Strow on July 1, 2014, at which time he alerted the doctor to a problem with his wisdom teeth (Doc. 51 at 7-8). Defendant Strow allegedly prescribed pain medication and told Plaintiff he would be scheduled to have the teeth extracted (*Id.*). About a month passed with no extraction, so Plaintiff then filed a grievance and left it in the door of his segregation cell for collection (*Id.*). He was released from segregation on August 5, 2014, but still had not heard anything about his emergency grievance (*Id.* at 8). In mid-August 2014, Plaintiff informed a nurse at sick call about his wisdom teeth. He was subsequently scheduled for extraction (*Id.*). Plaintiff claims that he submitted a copy of his July 31, 2014 emergency grievance to the Administrative Review Board ("ARB") (*Id.*). Plaintiff admitted that in the past, he has

submitted grievances through emergency and normal channels, and he has received responses to those grievances (*Id.*).

Correctional Counselor Susan Hill also testified at the *Pavey* hearing.[1] She indicated that a review of Plaintiff's grievance records did not reflect any emergency grievances about his wisdom teeth (Doc 51 at 5-6). Likewise, his counseling summaries did not reflect any discussion of dental grievances, though the summaries reflected discussion of other issues he grieved, such as a broken fan or television (*Id.*).

David Dwight, office coordinator and administrative support for Menard's grievance office, testified that the grievance logs did not reflect any submissions (emergency or otherwise) by the Plaintiff in July or August of 2014 (Doc. 51 at 6-7). He indicated that a grievance is logged unless it is deficient at the time it is received, in which case it is returned to the inmate and the return is noted on the inmate's counseling summary (*Id.*).

After hearing testimony and reviewing the record, Magistrate Judge Williams found that Plaintiff's account was not credible because it did not align with documented grievances (Doc. 15 at 12-16) Documented grievances and testimony from Hill and Dwight revealed that Plaintiff was familiar with the institutional grievance procedures, having used them for other issues (*Id.*). Plaintiff's successful use of the grievance system for other issues, coupled with the lack of documentation of proper grievances

---

[1] *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

for his wisdom teeth, weighed against crediting Plaintiff's allegation that he filed the appropriate grievance forms regarding his wisdom teeth (*Id.*).  By contrast, Magistrate Judge Williams found Hill and Dwight's testimony to be credible (*Id.* at 14)

As to Plaintiff's alternative argument that he did not need to exhaust the grievance procedure because he received all the relief available to him before exhaustion came about, Magistrate Judge Williams rejected that argument as a misapplication of precedent to the facts of this case.  Magistrate Judge Williams concluded that exhaustion should not be excused where there was no evidence that a proper grievance was initiated in the first place.

Plaintiff objected to the R&R, arguing that the recommendation to grant summary judgment was inappropriate in light of the controversy over whether or not Plaintiff filed an emergency grievance about his wisdom teeth (Doc. 52).  Additionally, Plaintiff again emphasized the argument that exhaustion was not necessary because he received care for his teeth before the time for filing a new grievance had even expired (*Id.*).

Defendant Strow responded to the objection, agreeing with the R&R, and arguing that Plaintiff's argument about exhaustion being unnecessary was irrelevant based on Magistrate Judge Williams' finding that no wisdom tooth grievance was ever filed (Doc. 53).

Defendant Butler did not respond to the objections to the R&R.

LEGAL STANDARDS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below—must undertake *de novo* review of the portions to which an objection has been made.  **28 U.S.C. § 636(b)(1)(C).**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit.  **42 U.S.C. § 1997e.**  In Illinois, the grievance process requires a prisoner to speak with his counselor, file a written grievance, and then appeal that grievance through the institutional and state levels.  **20 Ill. Admin. Code §§ 504.810–850.**  Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).**  Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or, when prison employees thwart a prisoner from exhausting, *Dole*, **438 F.3d at 809.**

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue.  The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate."  *Pavey I*, **544 F.3d 739, 742 (7th Cir. 2008).**  Upon conducting the hearing,

a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, **663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that plaintiff was not credible).** Thus, unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants on the limited issue of exhaustion of administrative remedies. *See Pavey I*, **544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").** A magistrate judge's credibility determinations are afforded great deference. *Pavey II*, **663 F.3d at 904;** *see also Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995) ("[D]**e novo determination **is not the same as a** de novo hearing. **The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).**

### ANALYSIS

Plaintiff asserts that he filed an emergency grievance regarding his wisdom teeth, but never received a response. Thus, his main contention is that he was prevented from completely exhausting administrative remedies by the lack of response. Magistrate Judge Williams found Plaintiff's contentions unavailing, and the undersigned agrees with this finding. Plaintiff successfully grieved other aspects of his incarceration, so the lack of any documented grievances on the wisdom teeth issue suggests that Plaintiff did not properly pursue exhaustion of that issue. As to Plaintiff's alternative argument that

he was not required to exhaust the administrative procedures because he received care before the time for complete exhaustion would have expired—the Court need not reach this argument because it accepts Magistrate Judge Williams' finding that Plaintiff did not even initiate administrative exhaustion, so it would be inappropriate to excuse the completion of exhaustion.

Accordingly, Plaintiff's objections to the R&R are denied, and the R&R is adopted.  Though Defendant Butler did not specifically respond to the Plaintiff's objections, the Court does not find any reason to doubt Magistrate Judge Williams' recommendations with regard to this Defendant.  Summary judgment will be granted as to Defendants Butler and Strow.

## Conclusion

For the foregoing reasons, the R&R submitted by Magistrate Judge Stephen C. Williams (**Doc. 51**) is **ADOPTED** in full.  The summary judgment motion filed by Defendants Butler and Strow (**Docs. 31, 32, 44**) is **GRANTED.**  Plaintiff's claims against Butler and Strow are **DISMISSED** with prejudice, and the Clerk is **DIRECTED** to terminate them from the docket.  Because this Order terminates all Defendants, the Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATE: July 6, 2017**                         _s/ Michael J. Reagan_
                                               **MICHAEL J. REAGAN**
                                               United States District Judge